```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 Civil No. 14-599(DSD/TNL)
```

U.S. Equal Employment Opportunity
Commission,

        Plaintiff,

v.                                                          **ORDER**

PMT Corporation,

        Defendant.

    Nicholas J. Pladson, Esq. and Equal Employment Opportunity Commission, 330 South Second Avenue, Suite 720, Minneapolis, MN 55401, counsel for plaintiff.

    David J. Duddleston, Esq., Anna R. Hickman, Esq. and Jackson Lewis PC, 225 South Sixth Street, Suite 3850, Minneapolis, MN 55402; Brian T. Benkstein, Esq. and Moss & Barnett, PA, 90 South Seventh Street, Suite 4800, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motions to dismiss by defendant PMT Corporation (PMT). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion to dismiss the complaint and grants the motion to dismiss claims involving Patricia Lebens.

## BACKGROUND

This employment dispute arises out of an investigation conducted by plaintiff U.S. Equal Employment Opportunity Commission (EEOC). On October 27, 2010, the EEOC filed a charge of discrimination against PMT. Compl. ¶ 8.

The EEOC alleges that PMT maintained a hiring system that discriminated against female applicants for sales positions in favor of equally-qualified or less-qualified males. Id. ¶ 13(a). PMT president Alfred Iversen was the final decisionmaker for hiring sales representatives. Id. ¶ 13(c). The EEOC alleges that Iversen instructed PMT employees to reject the applications of female applicants for sales positions. Id. ¶ 13(d). Between January 1, 2007, and October 27, 2010, PMT hired at least 70 sales representatives. Id. ¶ 13(e). All new hires were male. Id. ¶ 13(f). In total, three of the 120 sales representatives employed at PMT between 2007 and 2012 were female. Id. ¶ 13(h).

The EEOC also alleges that PMT engaged in age discrimination. Between January 1, 2007, and October 27, 2010, PMT did not hire any sales representatives that were over 40 years of age. Id. ¶ 17(b). The EEOC alleges that Iversen directed employees to screen out applicants based on their age. Id. ¶ 17(e).

Finally, the EEOC alleges that, after the initial discrimination charge was filed, Iversen retaliated against former Human Resources Manager Patricia Lebens, the source of the allegations that led to the EEOC charge. After Iversen discovered in September 2012[1] that Lebens was the source of the allegations, he directed PMT Human Resources Manager Luke Wetterlin to contact the Carver County Sheriff's Office and file a criminal complaint

---

[1] Lebens resigned from PMT in November 2010. Compl. ¶ 22(f).

accusing Lebens of theft.  Id. ¶ 28(b).  The Sheriff's Office investigated the allegations and gave Lebens twenty-four hours to produce documentation rebutting the allegations.  Id. ¶ 28(f). Lebens produced such documentation, and the Sheriff's Office found the allegations unfounded and closed the case.  Id. ¶ 28(i).

After the charge was filed, the EEOC and PMT engaged in conciliation by meeting in-person and having follow-up conversations.  Id. ¶ 11.  On May 13, 2013, the EEOC declared that further conciliation efforts would be futile.  Id.  On March 5, 2014, the EEOC filed a complaint, alleging claims for sex discrimination, age discrimination, hostile work environment, constructive discharge, retaliation and failure to make and preserve records.  PMT moves to dismiss.[2]

**DISCUSSION**

**I.  Standard of Review**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff [has pleaded] factual

---

[2] At oral argument, the court granted PMT's motion for extension of time to file a response or reply.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and internal quotation marks omitted). In this case, the EEOC charge and probable cause determination are necessarily embraced by the pleadings and are properly considered.

**II. Good-Faith Conciliation Efforts**

PMT argues that dismissal is warranted because the EEOC acted arbitrarily and unreasonably during the conciliation process. Specifically, PMT argues that the EEOC did not attempt to conciliate in good faith because it sought relief for untimely claims. "The EEOC may bring a direct suit against an employer only

4

after it has attempted to conciliate in good faith but failed to reach an agreement." EEOC v. Trans States Airlines, Inc., 462 F.3d 987, 996 (8th Cir. 2006) (citations omitted). "To satisfy the statutory requirement of conciliation, the EEOC must (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer." EEOC v. Asplundh Tree Expert Co., 340 F.3d 1256, 1259 (11th Cir. 2003) (citation omitted). "Whether the EEOC has adequately fulfilled its obligation to conciliate is dependent upon the reasonableness and responsiveness of the [EEOC's] conduct under all the circumstances." EEOC v. UMB Bank, N.A., 432 F. Supp. 2d 948, 954 (W.D. Mo. 2006) (alterations in original) (citations and internal quotation marks omitted). If a court determines that the EEOC has not attempted conciliation in good faith, it may stay the proceedings or, in extreme circumstances, dismiss the matter altogether. EEOC v. Crye-Leike, Inc., 800 F. Supp. 2d 1009, 1018 (E.D. Ark. 2011).

PMT argues that any allegations relating to conduct that occurred more than 300 days before the filing of the EEOC charge are time-barred, and that the EEOC has acted unreasonably in including such conduct in its charge and conciliation efforts. The EEOC responds that the 300 day limit does not apply where, as here,

the EEOC alleges an ongoing pattern or practice of discrimination. The court agrees.

Generally, actions filed under Section 706 of Title VII may encompass only those acts that occurred within 300 days of a timely-filed EEOC charge. 42 U.S.C. § 2000e-5(e)(1). Where an action alleges a "continuing violation," however, the court may consider "alleged discriminatory acts occurring prior to the statutory limitations period." Koren v. Supervalu, Inc., No. 00-1479, 2003 WL 1572002, at *9 (D. Minn. Mar. 14, 2003) (citation omitted). Such continuing violations are to be contrasted with "discrete retaliatory or discriminatory act[s] (such as termination, refusal to hire, or failure to promote." Madison v. IBP, Inc., 330 F.3d 1051, 1056 (8th Cir. 2003) (citation omitted). Here, if the EEOC can ultimately prove a pattern or practice of discrimination existed,[3] such a claim would be a continuing violation, even though the discriminatory acts at issue are otherwise discrete acts. See Coons v. Mineta, No. 03-5766, 2006 WL 3147735, at *8 (D. Minn. Nov. 2, 2006) (finding "systemic

---

[3] PMT also argues that the EEOC is bound by its statements to the Eighth Circuit Court Appeals during oral argument in EEOC v. CRST Van Expedited, Inc., 679 F.3d 657 (8th Cir. 2012), where its attorney stated that the "EEOC is only permitted to go back and seek damages 300 days prior to the filing of the charge." Duddleston Decl. Ex. 27, at 17:22-23. CRST, however, was not a pattern or practice case. See 611 F. Supp. 2d 918, 923 (N.D. Iowa 2009) ("Notably, the EEOC did *not* allege CRST was engaged in 'a pattern or practice' of illegal sex-based discrimination ...." (emphasis in original)). As a result, CRST is factually distinguishable, and PMT's argument is unavailing.

6

discriminatory approach to hiring ... that has led to discrete discriminatory acts" is a continuing violation); see also Kahler v. Peters, No. 05-1107, 2007 WL 551612, at *3 n.13 (D. Minn. Feb. 21, 2007) (rejecting argument "that consecutive failures to hire must be looked at as separate and discrete acts" (citation omitted)). Thus, relief for conduct outside the 300-day period is not categorically barred, and the EEOC did not act in bad faith by attempting to obtain relief for such conduct. As a result, dismissal is not warranted.

**III. Identification of Victims**

PMT next argues that dismissal is warranted because the EEOC has not identified any individual that was a victim of discrimination. Specifically, PMT argues that by not identifying the names of any applicants that PMT failed to hire, the EEOC has not complied with its pleading burden under Twombly and Iqbal. In support, PMT again cites EEOC v. CRST Van Expedited, Inc., in which the Eighth Circuit affirmed the dismissal of an EEOC class-action where "the EEOC was unable to provide [CRST] names of all class members ..., or an indication of the size of the class." 679 F.3d at 676 (8th Cir. 2012) (alterations in original) (citation and internal quotation marks omitted). As already explained, however, CRST was not a pattern or practice case, and, as such, is factually

7

distinguishable. Indeed, PMT does not identify a single "pattern or practice" case in which a court dismissed the claim for failure to identify individual victims.

Further, when the EEOC pursues a pattern or practice claim, it "does not stand in the employee's shoes." EEOC v. Waffle House, Inc., 534 U.S. 279, 297 (2002) (citation omitted). Rather, the EEOC acts to "advance the public interest in preventing and remedying employment discrimination." Gen. Tel. Co. of the Nw., Inc. v. EEOC, 446 U.S. 318, 331 (1980). Here, in that role, the EEOC has specifically detailed the scope of the claim by identifying the time period at issue, the alleged perpetrator of the discrimination and the alleged discriminatory conduct.[4] Given such details, the court finds that the complaint states a claim that rises above the speculative level as required by Twombly and Iqbal and gives PMT fair notice of the charges against it. Cf. EEOC v. Original Honeybaked Ham Co. of Ga., 918 F. Supp. 2d 1171, 1180 (D. Colo. 2013) ("The greater the specificity in describing the alleged unlawful conduct, the less important it becomes to specifically identify aggrieved persons. If the employer understands the nature, extent, location, time period, and persons involved in the alleged unlawful conduct, it may be able to

---

[4] The court notes that the EEOC's lack of specificity regarding the pattern or practice claim is likely compounded by PMT's alleged failure to keep records of applications, as required by federal regulation. See Compl. ¶¶ 31-33.

reasonably estimate the number and identities of persons who may be impacted."). As a result, dismissal is not warranted, and the motion to dismiss the complaint is denied.

**IV. Claims Relating to Patricia Lebens**

PMT next argues that the portion of the claim relating to Patricia Lebens should be dismissed.

**A.   Retaliatory Hostile Work Environment**

PMT first argues[5] that the EEOC fails to state a claim for retaliatory hostile work environment. "[R]etaliation claims under Title VII [can] be based on a hostile work environment and need not be based solely on discrete adverse employment actions that affect the terms or conditions of employment." Stewart v. Indep. Sch. Dist., No. 196, 481 F.3d 1034, 1042 (8th Cir. 2007) (citation omitted). To state a claim for retaliatory hostile work environment, a plaintiff must show "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." Id. at 1043 (citation and internal quotation marks omitted).

Here, PMT argues that Lebens cannot demonstrate a causal connection between her protected activity and any hostile work

---

[5] PMT also argues that the retaliatory hostile work environment and constructive discharge claims are time-barred. Because the court finds that such claims fail on the merits, it need not reach that argument.

environment maintained by PMT.  Specifically, PMT argues that it did not discover that Lebens engaged in protected conduct by reporting her allegations to the EEOC until *after* her employment with PMT ended.  Indeed, the complaint alleges that PMT only became aware that Lebens was the source of the EEOC allegations when it received the EEOC probable cause determination, almost two years after Lebens had resigned from PMT.  Compl. ¶ 27.  Because PMT was unaware that Lebens was the individual who had reported it to the EEOC reports, her protected conduct cannot be causally connected to any adverse employment action or hostile work environment.  See Khamati v. Sec'y of Dep't of the Treasury, 557 F. App'x 434, 443 (6th Cir. 2014) (requiring, for hostile work environment claim, that defendant knew of plaintiff's protected activity); Bergbauer v. Mabus, 934 F. Supp. 2d 55, 79 (D.D.C. 2013) (same).  As a result, the EEOC cannot state a prima facie claim of retaliatory hostile work environment on behalf of Lebens, and dismissal of that claim is warranted.

    **B.   Constructive Discharge**

PMT next argues that the EEOC fails to state a claim for constructive discharge.  "To establish a case of constructive discharge, [a plaintiff] must show that (1) a reasonable person in her situation would find the working conditions intolerable, and (2) the employer intended to force her to quit."  Rester v. Stephens Media, LLC, 739 F.3d 1127, 1132 (8th Cir. 2014).  A claim

for constructive discharge requires considerably more proof than an "unpleasant and unprofessional environment." Jones v. Fitzgerald, 285 F.3d 705, 716 (8th Cir. 2002). "A constructive discharge arises only when a reasonable person would find the conditions of employment intolerable." Tidwell v. Meyer's Bakeries, Inc., 93 F.3d 490, 494 (8th Cir. 1996) (citation omitted). To act reasonably, however, "an employee has an obligation not to assume the worst and to jump to conclusions too quickly." Id. (citation omitted). "[C]onstructive discharge claims fail as a matter of law where the employee has not given the employer a reasonable opportunity to correct the intolerable condition before the employee quits." Lisdahl v. Mayo Found., 633 F.3d 712, 719 (8th Cir. 2011) (citations omitted).

Here, the claim for constructive discharge fails for similar reasons as the claim for retaliatory hostile work environment. Because there are no allegations that PMT was aware of Lebens's reports during the time of her employment, it is impossible for PMT to have intended to force her to quit *because of* such reports. Moreover, the EEOC does not allege any facts suggesting that Lebens gave PMT an opportunity to correct the allegedly-intolerable conditions before resigning. As a result, the EEOC cannot state a claim for constructive discharge, and dismissal of that claim is also warranted.

### C. Retaliation

Finally, PMT argues that the EEOC failed to allege a viable retaliation claim on behalf of Lebens based on PMT's criminal complaint to the Carver County Sheriff's Office. Specifically, PMT argues that dismissal is warranted because the EEOC failed to exhaust its administrative remedies with regards to that claim.[6] The court agrees.

In the Title VII context, "the EEOC [must] satisfy two conditions[7] before it brings suit against an employer: First, there

---

[6] PMT also argues that the retaliation claim fails because the criminal complaint to the Carver County Sheriff's Office does not amount to an adverse employment action. Because the court determines that dismissal is warranted due to failure to exhaust administrative remedies, it need not reach such an argument.

[7] As a threshold matter, the EEOC argues that it has generally alleged the performance of conditions precedent to suit and, as a result, dismissal is precluded under Rule 9(c). Rule 9(c) provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." The administrative filing requirements of Title VII are "a condition precedent to suit subject to the pleading requirements of Rule 9(c)." Brooks v. Monroe Sys. for Business, Inc., 873 F.2d 202, 205 (8th Cir. 1989) (citation omitted).
Nothing in the text of Rule 9(c), however, requires such denial to be made in an answer rather than in a motion to dismiss. Indeed, "Rule 9(c) has the effect of forcing defendant to raise the issue whenever he believes there actually is a question about performance." Id. (citation and internal quotation marks omitted). As a result, the court finds under these circumstances - where PMT has specifically and particularly denied that the conditions precedent occurred - the "motion to dismiss comports with the thrust of Rule 9(c) by appraising [the EEOC] ... of the condition precedent in dispute." Pauls v. Elaine Revell, Inc., 571 F. Supp. 1018, 1021 n.6 (N.D. Ill. 1983); see also, e.g., Associated Mech.
(continued...)

must be an administrative investigation of the charges .... Second, if the investigation establishes reasonable cause to believe discrimination has occurred, the EEOC must attempt to eliminate the alleged discriminatory conduct through informal conciliation efforts." <u>EEOC v. JBS USA, LLC</u>, 940 F. Supp. 2d 949, 962 (D. Neb. 2013) (citations omitted). Where, as here, "the alleged discriminatory or retaliatory conduct has occurred subsequent to a timely filed EEOC charge ... [a] plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." <u>Wedow v. Kan. City, Mo.</u>, 442 F.3d 661, 672 (8th Cir. 2006) (second alteration in original) (citation and internal quotation marks omitted). Such a determination is a "judicial exception to the exhaustion doctrine." <u>Richter v. Advance Auto Parts, Inc.</u>, 686 F.3d 847, 852 (8th Cir. 2012) (citation and internal quotation marks omitted). Generally, "retaliation claims are not reasonably related to underlying discrimination claims." <u>Wedow</u>, 442 F.3d at 673 (citation and internal quotation marks omitted).

The EEOC argues, nevertheless, that the retaliation claim premised on the police report to the Carver County Sheriff's Office

---

[7](...continued)
<u>Contractors, Inc. V. Martin K. Eby Constr. Co.</u>, 271 F.3d 1309, 1317 (11th Cir. 2001) ("The specific denial of performance of conditions precedent may be raised by motion as well as by answer." (citations omitted)).

is reasonably related to the retaliatory hostile work environment claim contained in the original EEOC probable cause determination. See Duddleston Decl. Ex. 2.  In support, the EEOC relies on Wedow, in which the Eighth Circuit found "subsequent retaliatory acts were of a like kind to the retaliatory acts alleged in the EEOC charge" and excused the administrative exhaustion requirement.  442 F.3d at 674.  The EEOC charge in Wedow, however, explicitly stated that the originally-charged retaliation was "of an ongoing and continuing nature." Id.  No such allegations are present in the original EEOC charge or determination here and, indeed, there was a large temporal disconnect between the alleged retaliatory hostile work environment and the alleged subsequent retaliation.  Further, the EEOC argues that PMT has received notice that the retaliation claim at issue would be a part of this matter, and that to require additional exhaustion would be overly formulaic and a waste of agency resources.  The Eighth Circuit, however, has considered and rejected similar policy arguments in requiring administrative exhaustion.  See Richter, 686 F.3d at 853.  As a result, the retaliation at issue here was not "reasonably related" to the underlying charge and determination and was instead a "discrete claim[] based on incidents occurring *after* the filing of [the] EEO[C] complaint." Id. at 852-53 (emphasis in original) (citation and internal quotation marks omitted).  Therefore, because the EEOC

14

has not administratively exhausted its claims relating to the police report, dismissal is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss the complaint [ECF No. 8] is denied;

2. The motion to dismiss claims involving Patricia Lebens [ECF No. 10] is granted; and

3. The motion for extension of time to file response/reply [ECF No. 21] is granted.

Dated:  August 27, 2014

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court